Thomas G. Jarrard (WSBA #39774)
LAW OFFICE OF THOMAS G. JARRARD, PLLC
1020 N. Washington St.
Spokane, WA  99201
Telephone: (425) 239-7290
tjarrard@att.net

Matthew Z. Crotty (WSBA #39284)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
Telephone: (509) 850-7011
matt@crottyandson.com

Michael Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
mscimone@outtengolden.com

[Additional attorneys listed on following page]
*Attorneys for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BAKER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>      Defendant. | **Case No.  21-cv-114**<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

CLASS ACTION COMPLAINT- 1

R. Joseph Barton*
BLOCK & LEVITON LLP
1735 20th Street, NW
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com

Peter Romer-Friedman*
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone (202) 888-1741
peter@guptawessler.com

* *pro hac vice* application forthcoming

*Attorneys for Plaintiff and the Proposed Class*

1    Plaintiff Justin Baker, on behalf of himself and other similarly situated

2    individuals, by and through his attorneys, alleges as follows:

3                                **INTRODUCTION**

4        1.      This is a class action under the Uniformed Services Employment and

5    Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of

6    current and former employees of United Parcel Service, Inc. ("UPS" or

7    "Defendant"), who took short-term military leave (i.e., military leave that lasts 14

8    consecutive days or fewer) from UPS but were not paid their normal wages or

9    salaries by UPS during periods of short-term military leave.

10       2.      Since at least October 10, 2004, UPS has had a policy and practice of

11   continuing to pay its employees' wages or salaries during certain leaves of absence

12   from their employment with UPS, but not providing wages or salaries to

13   employees when they take short-term military leave.  For example, UPS has paid

14   and continues to pay full or partial wages or salaries to employees who take jury

15   duty leave, sick leave, and bereavement leave, among other types of leave, but not

16   to employees who have taken short-term military leave.

17       3.      USERRA requires military leave to be treated no less favorably than

18   any other forms of comparable leave that an employer provides to its employees.

19   By paying employees who take jury duty leave, sick leave, bereavement leave, and

20

21

other comparable forms of leave, UPS was required by USERRA to do the same

for its employees who take short-term military leave.

4.      By continuing to pay employees their wages and salaries during

periods of jury duty, sick leave, bereavement leave, and other comparable forms of

leave, while refusing to offer wages or salaries to employees during their short-

term military leave, UPS violated USERRA, 38 U.S.C. § 4316(b).

5.      This action seeks a declaration that UPS violated USERRA by failing

to pay Plaintiff and members of the proposed Class during their periods of short-

term military leave, an order requiring UPS to pay its employees during their short-

term military leave in the future so long as UPS continues to provide pay to

employees who take other forms of comparable leave, and an order requiring UPS

to pay Plaintiff and members of the Class the wages or salaries they should have

earned during their periods of short-term military leave, consistent with the

requirements of USERRA.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 28

U.S.C. § 1331, because this action arises under USERRA, a federal law.  This

Court also has subject matter jurisdiction over the USERRA claim pursuant to 38

U.S.C. § 4323(b)(3), which provides the district courts of the United States with

jurisdiction over any USERRA action brought against a private employer.  UPS is

1  a private employer within the meaning of 38 U.S.C. § 4303(4)(A) because it "pays

2  salary or wages for work performed or . . . has control over employment

3  opportunities."

4      7.    Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because

5  UPS, "the private employer of the person" who has filed this action, "maintains a

6  place of business" in this District at its Spokane facility.  Venue is also proper in

7  this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events

8  giving rise to the claims in this action occurred in this District.

9  **<u>Parties</u>**

10     8.    Plaintiff Justin Baker resides in Spokane, Washington.  He is and has

11 been employed as a full-time package driver by UPS at its Spokane, Washington

12 facility since approximately June 18, 2007.  Mr. Baker has also served in the Army

13 Reserve since 2014, having attained the rank of Sergeant.  Since 2015, while

14 employed by UPS, Plaintiff has routinely taken short-term leave every year to

15 engage in qualified military service to perform his military obligations in the Army

16 Reserve.

17     9.    UPS, a Delaware corporation, is the world's largest package delivery

18 company, providing delivery to more than 220 countries and territories.  It is an

19 employer within the meaning of 38 U.S.C. § 4303(4)(A) with its principal place of

20 business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia.  UPS has more

21

1  than 500,000 employees worldwide, and it has employed thousands of individuals

2  who took short-term military leave from their employment at UPS since 2004.  *See*

3  *Joining Forces: A Win-Win for Veterans and Employers*, United Parcel Service,

4  Inc., https://www.ups.com/us/en/services/resource-center/UPS-Offers-Veterans-

5  Career-Networking-Opportunities.page (last visited Jan. 12, 2021).  At all times

6  during Plaintiff's employment with UPS, UPS paid Plaintiff's employment

7  compensation and controlled his work opportunities, including the rights and

8  benefits that he received during periods of short-term military leave.

9  **CLASS ACTION ALLEGATIONS**

10        10.    Plaintiff brings this action as a class action pursuant to Rule 23 of the

11  Federal Rules of Civil Procedure on behalf of the following Class:

12        Current and former employees of UPS (including any of its
          subsidiaries) who, during their employment with Defendant, took
13        short-term military leave (14 days or less) from their employment
          with UPS and during such period of short-term military leave did not
14        receive the regular wages or salary that they would have earned had
          they continued to work their ordinary work schedules, from October
15        10, 2004 through the date of judgment in this action.

16  Excluded from the Class are all former or current employees who previously

17  reached settlements with or judgments against UPS in their individual USERRA

18  actions concerning UPS's failure to pay compensation to employees during periods

19  of short-term military leave.

20

21

**Impracticality of Joinder**

11.    The Class is so numerous that joinder of all members is impracticable.

12.    Since 2004, UPS has employed at least several thousand employees who took short-term military leave from UPS.  Accordingly, there are at least several thousand members of the proposed Class.

13.    The members of the Class are geographically dispersed across the country.  UPS currently has more than 1,800 operating facilities and five air hubs scattered throughout the United States.

**Commonality**

14.    The central question in this case that will generate a common answer as to the Class is whether UPS's policy or practice of failing to provide paid leave or pay to employees during periods of short-term military leave violates USERRA § 4316(b).

15.    Plaintiff's claims raise subsidiary common questions, including the following:

(a) whether UPS maintains a policy or practice of refusing to pay its

employees when they take short-term military leave, while paying

employees when they take other forms of comparable leave such as jury

duty, sick leave, and bereavement leave;

1    (b) whether under USERRA § 4316(b) short-term military leave is

2    comparable to jury duty, sick leave, bereavement leave, and other forms of

3    leave for which UPS has provided wages or salaries to its employees;

4    (c) what relief should be awarded, including injunctive and monetary relief;

5    and

6    (d) whether UPS's violations of USERRA were willful, such that it should

7    be required to pay liquidated damages to Plaintiff and the Class Members.

8    16.    Because UPS adopted and applied a uniform policy or practice of not

9    paying employees when they take short-term military leave, answers to these

10    questions will produce common answers for all members of the Class.

11    17.    As UPS acted in a uniform, systemic manner with respect to the Class,

12    all members of the Class suffered the same type of injury based on a single policy

13    or practice, and resolving the claims of the Class will be based on common legal

14    and factual questions.  Because UPS's policy or practice of failing to pay

15    employees when they take short-term military leave, while paying employees when

16    they take other comparable forms of leave, was applied uniformly to the Class, the

17    issues relating to the relief Class Members should receive are also common.  To

18    the extent that the policy or practice is found to have violated USERRA, the

19    determination of the amounts to be paid to members of the Class will be formulaic

20    and can be readily calculated.

21

**Typicality**

18.    Plaintiff's claims are typical of the other members of the Class, because the claims challenge a uniform policy or practice by which UPS failed to pay employees when they take short-term military leave, while paying employees when they take other comparable forms of leave, and because all Class Members were injured by the same uniform policy or practice.

**Adequacy**

19.    Plaintiff will fairly and adequately protect the interests of other members of the Class.

20.    Plaintiff does not have any conflict with any other member of the Class.  Plaintiff understands his obligations as a class representative, has already undertaken steps to fulfill them, and is prepared to continue to fulfill his duties as class representative.

21.    UPS has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

22.    Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers.

**Rule 23(b)(3)**

23.    The claim can be certified as a class action under Rule 23(b)(3) of the

1  Federal Rules of Civil Procedure because the questions of law and fact common to

2  the members of the Class predominate over questions affecting only individual

3  members and a class action is superior to other available methods for the fair and

4  efficient resolution of this controversy.

5      24.    The common questions of law and fact concern whether UPS's policy

6  of failing to pay employees when they take short-term military leave, while paying

7  employees when they take other comparable forms of leave, violated USERRA.

8  As the members of the Class were all employees of UPS who took short-term

9  military leave and their compensation was affected by those violations, common

10  questions related to UPS's liability will necessarily predominate over any

11  individual questions.  As the calculation of Class Members' wages and/or salaries

12  during periods of short-term military leave can be readily calculated based on their

13  wage and/or salary rates, and relief primarily consists of a declaration and an order

14  requiring UPS to pay the Class Members the wages or salaries they are owed

15  consistent with USERRA, common questions as to remedies will likewise

16  predominate over any individual issues.

17      25.    A class action is superior to other available methods for the fair and

18  efficient resolution of this controversy.  The common issues will be efficiently

19  resolved in a single class proceeding rather than multiple proceedings.  Class

20  certification is a superior method of proceeding in this action, because it will

21

1    obviate the need for unduly duplicative litigation that might result in inconsistent

2    judgments about Defendant's obligations under USERRA and of the remedy that

3    should be provided under USERRA.

4        26.    The following additional factors set forth in Rule 23(b)(3) also

5    support certification.

6        (a) The members of the Class have a strong interest in a unitary adjudication

7            of the issues presented in this action.  Additionally, many members of the

8            Class are unlikely to have sufficient damages to justify pursuing an

9            individual action in federal court or to obtain counsel to pursue an

10           individual action, but all Class Members would benefit from a class

11           action that obtains relief for all members of the Class.

12       (b) No other litigation concerning Plaintiff's claim that UPS should have

13           paid its employees when they take short-term military leave has been

14           filed by any other members of the Class.

15       (c) This is an appropriate forum for these claims because, among other

16           reasons, jurisdiction and venue are proper, and UPS has substantial

17           operations in Spokane, and therefore a significant portion of the Class

18           works and/or resides in this District.

19       (d) There are no difficulties in managing this case as a class action.

20

21

# FACTUAL ALLEGATIONS

## UPS's Policy and Practice Regarding Military Leave

27.     Since at least October 10, 2004, when a servicemember employee of UPS has taken military leave that lasts 14 days or less ("short-term military leave"), UPS has not provided paid leave or pay to the employee during such short-term military leave.  When an employee of UPS has been required to be absent from his or her employment at UPS for any one of a number of non-military reasons, including that the employee needs to address the death of a family member or is ill, however, UPS has provided paid leave or the employee's full wages and/or salary during his or her leave of absence.  And when a UPS employee has been absent from work because he or she is required to perform jury service, UPS has paid the employee the difference between his or her compensation from UPS and any stipend or compensation that employees receive for their jury duty service (i.e., differential pay).

## USERRA Required UPS to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Paid Leave or Pay

28.     USERRA § 4316(b)(1) provides, in relevant part. that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A) deemed to be on furlough or leave of absence while performing such service; and

1

2      (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

3

4

5  38 U.S.C. § 4316(b)(1).

6      29.    Accordingly, if an employer provides non-seniority rights and benefits

7  to similarly situated employees who take comparable non-military leave, including

8  paid leave and pay, USERRA § 4316(b)(1) requires the employer to provide those

9  same "rights and benefits" to employees during their periods of military leave. *Id*.;

10  *see also id.* § 4303(2); 20 C.F.R. § 1002.150(a).

11      30.    As the Department of Labor's implementing regulations state, the

12  "most significant factor to compare" two types of leave to determine if they are a

13  "comparable form of leave" under USERRA is "the duration of the leave."  20

14  C.F.R. § 1002.150(b).  In addition, "other factors such as the purpose of the leave

15  and the ability of the employee to choose when to take the leave should also be

16  considered." *Id*.

17  **UPS Fails to Pay Employees When They Take Short-Term Military Leave**

18      31.    Pursuant to UPS's policy or practice of refusing to provide paid leave

19  to employees during periods of short-term military service, UPS failed to pay

20  Plaintiff and the members of the Class paid leave during each period in which they

21

1    took short-term military leave since October 10, 2004.

2         32.    Upon information and belief, throughout the relevant time period,

3    UPS provided fully paid leave or full pay to employees while they were on leave

4    from their employment with UPS for bereavement or illness, and it provided

5    differential pay to employees while they were on leave from their employment

6    with UPS because of jury duty.

7         33.    Jury duty, sick leave, and bereavement leave are comparable to short-

8    term military leave in terms of the duration of these forms of leave and the

9    involuntary nature of the leave.

10        34.    For employees of UPS, the duration of jury duty leave, sick leave, and

11   bereavement leave are comparable to the duration of short-term military leave.

12   Each of these types of leaves most commonly lasts several days, and usually not

13   more than a couple of weeks.

14        35.    Jury duty leave, sick leave, and bereavement leave, like short-term

15   military leave, are ordinarily involuntary.  Jury duty is required by federal, state, or

16   local law.  Bereavement leave occurs due to the death of a family member.  Sick

17   leave is triggered by a medical condition.  And short-term military leave occurs

18   due to an employee's legal obligation to perform military service in the Armed

19   Forces.

20        36.    In addition, the purpose of jury duty is the same as short-term military

21

1  leave: to perform service for our government and to engage in public service for

2  the benefit of our society.

3      37.    UPS's policy or practice of refusing to provide paid leave or pay to

4  employees when they take short-term military leave, while continuing to provide

5  paid leave or pay to employees when they take other comparable forms of non-

6  military leave, violates USERRA § 4316(b), because Defendant denies its

7  employees the same non-seniority "rights and benefits" that it provides to similarly

8  situated employees who are on furlough or leave of absence.  38 U.S.C. § 4316(b).

9      38.    This policy has unlawfully denied UPS's employees the pay that they

10  should have received when they engaged in short-term military leave compared to

11  employees who received paid leave or pay when they engage in jury duty, sick

12  leave, bereavement leave, or other, comparable forms of non-military leave.

13  **Plaintiff's USERRA-Protected Military Leave**

14      39.    Since his employment at UPS began in 2007, Plaintiff regularly took

15  periods of short-term military leave every year from 2010 to 2020 that qualified as

16  service in the uniformed services under 38 U.S.C. § 4303(13).

17      40.    During the time that Plaintiff took short-term military leave, UPS did

18  not pay Plaintiff his regular wages.

19

20

21

## COUNT I
### VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)
### (On Behalf of the Class)

41.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

43.     The U.S. Department of Labor's regulations that implement and interpret USERRA § 4316(b)(1) provide that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b).  The "duration of leave" "may be the most significant factor" to determine whether two forms of leave are comparable, and

1   other relevant factors include "the purpose of the leave and the ability of the

2   employee to choose when to take the leave." *Id.*

3      44.   As described above, UPS has maintained a policy or practice of

4   failing to pay employees their regular wages or salaries when they take short-term

5   military leave, while continuing to pay employees their wages or salaries when

6   they take other comparable forms of non-military leave such as jury duty, sick

7   leave, and bereavement leave.

8      45.   As described above, these forms of leave – jury duty, sick leave, and

9   bereavement leave – are comparable to short-term military leave in terms of the

10   duration, purpose, and/or the ability of the employee to determine whether to take

11   the leave.

12      46.   By adopting and applying a policy or practice of not providing

13   employees who take short-term military leave paid leave or pay, UPS denied

14   Plaintiff and the Class the same "rights and benefits," namely paid leave, pay,

15   wages, and/or salaries, that UPS provided to employees who take other,

16   comparable forms of non-military leave, including jury duty leave, sick leave, and

17   bereavement leave.  Thus, UPS failed to provide employees on short-term military

18   leave the most favorable treatment that UPS afforded employees on other,

19   comparable forms of non-military leave.  By doing so, UPS violated and continues

20   to violate USERRA § 4316(b)(1).

21

47.    Due to UPS's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class have received less paid leave, pay, and/or compensation than they would have received had Defendant complied with USERRA and the Department of Labor's regulations.

48.    Upon information and belief, Defendant's violation of USERRA § 4316(b)(1) was willful.  Accordingly, UPS should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against UPS on all claims and respectfully requests that this Court award the following relief:

A.    Declare that Defendant's policy or practice by which it failed to provide employees with paid leave or pay when they took short-term military leave, while providing paid leave or pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under 38 U.S.C. § 4316(b);

B.    Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.    Declare that Defendant must provide paid leave or pay to employees who take short-term military on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or other forms of comparable short-term,

non-military leave;

     D.     Require Defendant to recalculate and pay the paid leave, pay, wages, and/or salary that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

     E.     Order Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

     F.     Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

     G.     Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

     H.     Grant such other and further relief as the Court deems proper, just, and/or equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

1   Dated: March 16, 2021                        Respectfully submitted,

2                                                /s/ *Thomas G. Jarrard*_____
                                                 Thomas G. Jarrard (WSBA #39774)
3                                                LAW OFFICE OF THOMAS G.
                                                 JARRARD, PLLC
4                                                1020 N. Washington St.
                                                 Spokane, WA  99201
5                                                Telephone: (425) 239-7290
                                                 tjarrard@att.net
6
                                                 Matthew Z. Crotty (WSBA #39284)
7                                                CROTTY & SON LAW FIRM, PLLC
                                                 905 W. Riverside Ave., Suite 404
8                                                Spokane, WA 99201
                                                 Telephone: (509) 850-7011
9                                                matt@crottyandson.com

10                                               Michael Scimone*
                                                 OUTTEN & GOLDEN LLP
11                                               685 Third Avenue, 25th Floor
                                                 New York, NY 10017
12                                               Telephone: (212) 245-1000
                                                 Fax: (646) 509-2060
13                                               mscimone@outtengolden.com

14                                               R. Joseph Barton*
                                                 BLOCK & LEVITON LLP
15                                               1735 20th Street, NW
                                                 Washington D.C. 20009
16                                               Telephone: (202) 734-7046
                                                 Fax: (617) 507-6020
17                                               jbarton@blockesq.com

18

19

20

21

CLASS ACTION COMPLAINT - 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Peter Romer-Friedman*
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone (202) 888-1741
peter@guptawessler.com

* *pro hac vice* application forthcoming

*Attorneys for Plaintiff and the Proposed
Class*