1 | Thomas G. Jarrard (WSBA #39774)
LAW OFFICE OF THOMAS G. JARRARD, PLLC
2 | 1020 N. Washington St.
Spokane, WA 99201
3 | Telephone: (425) 239-7290
tjarrard@att.net
4 |
Michael J. Scimone*
5 | OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
6 | New York, NY 10017
Telephone: (212) 245-1000
7 | Fax: (646) 509-2060
mscimone@outtengolden.com
8 |
[Additional attorneys listed on following page]
9 | *Attorneys for Plaintiff and the Proposed Class*

10

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

12

13

14

15

16

17

18

19

| | |
|---|---|
| JUSTIN BAKER, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation, and UNITED PARCEL SERVICE, INC., an Ohio corporation,<br><br>                              Defendants. | **Case No. 21-cv-00114-SMJ**<br><br>**AMENDED COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

20

21

AMENDED CLASS ACTION COMPLAINT- 1

Matthew Z. Crotty (WSBA #39284)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
Telephone: (509) 850-7011
matt@crottyandson.com

R. Joseph Barton*
BLOCK & LEVITON LLP
1735 20th Street, NW
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com

Peter Romer-Friedman**
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone (202) 888-1741
peter@guptawessler.com

* admitted *pro hac vice*
** *pro hac vice* application forthcoming

*Attorneys for Plaintiff and the Proposed Class*

1    Plaintiff Justin Baker, on behalf of himself and other similarly situated

2    individuals, by and through his attorneys, alleges as follows:

3    **<u>INTRODUCTION</u>**

4    1.    This is a class action under the Uniformed Services Employment and

5    Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of

6    current and former employees of United Parcel Service, Inc., an Ohio corporation

7    ("UPS-Ohio"), and/or United Parcel Service, Inc., a Delaware corporation ("UPS-

8    Delaware") (collectively, "UPS" or "Defendants"), who took short-term military

9    leave (i.e., military leave that lasts 14 consecutive days or fewer) from UPS but

10    were not paid their normal wages or salaries by UPS during periods of short-term

11    military leave.

12    2.    Since at least October 10, 2004, UPS has had a policy and practice of

13    continuing to pay its employees' wages or salaries during certain leaves of absence

14    from their employment with UPS, but not providing wages or salaries to

15    employees when they take short-term military leave.  For example, UPS has paid

16    and continues to pay full or partial wages or salaries to employees who take jury

17    duty leave, sick leave, and bereavement leave, among other types of leave, but not

18    to employees who have taken short-term military leave.

19    3.    USERRA requires military leave to be treated no less favorably than

20    any other forms of comparable leave that an employer provides to its employees.

21

AMENDED CLASS ACTION COMPLAINT - 3

1    By paying employees who take jury duty leave, sick leave, bereavement leave, and

2    other comparable forms of leave, UPS was required by USERRA to do the same

3    for its employees who take short-term military leave.

4        4.    By continuing to pay employees their wages and salaries during

5    periods of jury duty, sick leave, bereavement leave, and other comparable forms of

6    leave, while refusing to offer wages or salaries to employees during their short-

7    term military leave, UPS violated USERRA, 38 U.S.C. § 4316(b).

8        5.    This action seeks a declaration that UPS violated USERRA by failing

9    to pay Plaintiff and members of the proposed Class during their periods of short-

10    term military leave, an order requiring UPS to pay its employees during their short-

11    term military leave in the future so long as UPS continues to provide pay to

12    employees who take other forms of comparable leave, and an order requiring UPS

13    to pay Plaintiff and members of the Class the wages or salaries they should have

14    earned during their periods of short-term military leave, consistent with the

15    requirements of USERRA.

16                **JURISDICTION AND VENUE**

17        6.    The Court has subject matter jurisdiction over this action under 28

18    U.S.C. § 1331, because this action arises under USERRA, a federal law.  This

19    Court also has subject matter jurisdiction over the USERRA claim pursuant to 38

20    U.S.C. § 4323(b)(3), which provides the district courts of the United States with

21

1  jurisdiction over any USERRA action brought against a private employer.  UPS is

2  a private employer within the meaning of 38 U.S.C. § 4303(4)(A) because it "pays

3  salary or wages for work performed or . . . has control over employment

4  opportunities."

5      7.    Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because

6  UPS, "the private employer of the person" who has filed this action, "maintains a

7  place of business" in this District at its Spokane facility.  Venue is also proper in

8  this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events

9  giving rise to the claims in this action occurred in this District.

10  **Parties**

11  ***Plaintiff Justin Baker***

12      8.    Plaintiff Justin Baker resides in Spokane, Washington.  He is and has

13  been employed as a full-time package driver by UPS at its Spokane, Washington

14  facility since approximately June 18, 2007.  Mr. Baker has also served in the Army

15  Reserve since 2014, having attained the rank of Sergeant.  Since 2015, while

16  employed by UPS, Plaintiff has routinely taken short-term leave every year to

17  engage in qualified military service to perform his military obligations in the Army

18  Reserve.

19      9.    Plaintiff was hired by Defendant UPS-Ohio and was paid by UPS-

20  Ohio throughout the course of his employment with UPS.

21

*Defendant UPS-Delaware*

10.    Defendant UPS-Delaware, a holding company, through its subsidiaries operates the world's largest package delivery company, providing delivery to more than 220 countries and territories.  It is an employer within the meaning of 38 U.S.C. § 4303(4)(A) with its principal place of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia.  UPS-Delaware and its subsidiaries have more than 500,000 employees worldwide, and they have employed thousands of individuals who took short-term military leave from their employment at UPS since 2004.  *See Joining Forces: A Win-Win for Veterans and Employers*, United Parcel Service, Inc., https://www.ups.com/us/en/services/resource-center/UPS-Offers-Veterans-Career-Networking-Opportunities.page (last visited Jan. 12, 2021).

11.    UPS-Delaware has "control over employment opportunities" at its subsidiary UPS-Ohio, because, upon information and belief, its Board of Directors and Board committees oversee labor relations, contract negotiations, compensation and benefits, and other employment matters for employees of its subsidiaries including UPS-Ohio.  UPS-Delaware's control, upon information and belief, extends to participating in collective bargaining with unions that represent UPS employees, including employees of UPS-Ohio.

1   ***Defendant UPS-Ohio***

2       12.    Defendant UPS-Ohio is a subsidiary of UPS-Delaware.  UPS-Ohio is

3   an employer within the meaning of 38 U.S.C. § 4303(4)(A) with its principal place

4   of business located at 55 Glenlake Parkway, N.E., Atlanta, Georgia.  At all times

5   during Plaintiff's employment with UPS, UPS-Ohio paid Plaintiff's employment

6   compensation and controlled his work opportunities, including the rights and

7   benefits that he received during periods of short-term military leave.

8                    **CLASS ACTION ALLEGATIONS**

9       13.    Plaintiff brings this action as a class action pursuant to Rule 23 of the

10  Federal Rules of Civil Procedure on behalf of the following Class:

11          Current and former employees of UPS (including any of its
            subsidiaries) who, during their employment with Defendants, took
12          short-term military leave (14 days or less) from their employment
            with UPS and during such period of short-term military leave did not
13          receive the regular wages or salary that they would have earned had
            they continued to work their ordinary work schedules, from October
14          10, 2004 through the date of judgment in this action.

15  Excluded from the Class are all former or current employees who previously

16  reached settlements with or judgments against UPS in their individual USERRA

17  actions concerning UPS's failure to pay compensation to employees during periods

18  of short-term military leave.

19  **Impracticality of Joinder**

20      14.    The Class is so numerous that joinder of all members is impracticable.

21

AMENDED CLASS ACTION COMPLAINT - 7

15.     Since 2004, UPS has employed at least several thousand employees who took short-term military leave from UPS.  Accordingly, there are at least several thousand members of the proposed Class.

16.     The members of the Class are geographically dispersed across the country.  UPS currently has more than 1,800 operating facilities and five air hubs scattered throughout the United States.

**Commonality**

17.     The central question in this case that will generate a common answer as to the Class is whether UPS's policy or practice of failing to provide paid leave or pay to employees during periods of short-term military leave violates USERRA § 4316(b).

18.     Plaintiff's claims raise subsidiary common questions, including the following:

(a) whether UPS maintains a policy or practice of refusing to pay its
employees when they take short-term military leave, while paying
employees when they take other forms of comparable leave such as jury
duty, sick leave, and bereavement leave;

(b) whether under USERRA § 4316(b) short-term military leave is
comparable to jury duty, sick leave, bereavement leave, and other forms of
leave for which UPS has provided wages or salaries to its employees;

1    (c) what relief should be awarded, including injunctive and monetary relief;

2    and

3    (d) whether UPS's violations of USERRA were willful, such that it should

4    be required to pay liquidated damages to Plaintiff and the Class Members.

5    19.    Because UPS adopted and applied a uniform policy or practice of not

6    paying employees when they take short-term military leave, answers to these

7    questions will produce common answers for all members of the Class.

8    20.    As UPS acted in a uniform, systemic manner with respect to the Class,

9    all members of the Class suffered the same type of injury based on a single policy

10    or practice, and resolving the claims of the Class will be based on common legal

11    and factual questions.  Because UPS's policy or practice of failing to pay

12    employees when they take short-term military leave, while paying employees when

13    they take other comparable forms of leave, was applied uniformly to the Class, the

14    issues relating to the relief Class Members should receive are also common.  To

15    the extent that the policy or practice is found to have violated USERRA, the

16    determination of the amounts to be paid to members of the Class will be formulaic

17    and can be readily calculated.

18    **Typicality**

19    21.    Plaintiff's claims are typical of the other members of the Class,

20    because the claims challenge a uniform policy or practice by which UPS failed to

21

AMENDED CLASS ACTION COMPLAINT - 9

1  pay employees when they take short-term military leave, while paying employees

2  when they take other comparable forms of leave, and because all Class Members

3  were injured by the same uniform policy or practice.

4  **Adequacy**

5       22.    Plaintiff will fairly and adequately protect the interests of other

6  members of the Class.

7       23.    Plaintiff does not have any conflict with any other member of the

8  Class.  Plaintiff understands his obligations as a class representative, has already

9  undertaken steps to fulfill them, and is prepared to continue to fulfill his duties as

10  class representative.

11       24.    UPS has no unique defenses against the Plaintiff that would interfere

12  with Plaintiff's representation of the Class.

13       25.    Plaintiff is represented by counsel with significant experience in

14  prosecuting class action litigation, including class action litigation involving rights

15  and benefits of servicemembers.

16  **Rule 23(b)(3)**

17       26.    The claim can be certified as a class action under Rule 23(b)(3) of the

18  Federal Rules of Civil Procedure because the questions of law and fact common to

19  the members of the Class predominate over questions affecting only individual

20  members and a class action is superior to other available methods for the fair and

21

AMENDED CLASS ACTION COMPLAINT - 10

1   efficient resolution of this controversy.

2        27.    The common questions of law and fact concern whether UPS's policy

3   of failing to pay employees when they take short-term military leave, while paying

4   employees when they take other comparable forms of leave, violated USERRA.

5   As the members of the Class were all employees of UPS who took short-term

6   military leave and their compensation was affected by those violations, common

7   questions related to UPS's liability will necessarily predominate over any

8   individual questions.  As the calculation of Class Members' wages and/or salaries

9   during periods of short-term military leave can be readily calculated based on their

10   wage and/or salary rates, and relief primarily consists of a declaration and an order

11   requiring UPS to pay the Class Members the wages or salaries they are owed

12   consistent with USERRA, common questions as to remedies will likewise

13   predominate over any individual issues.

14        28.    A class action is superior to other available methods for the fair and

15   efficient resolution of this controversy.  The common issues will be efficiently

16   resolved in a single class proceeding rather than multiple proceedings.  Class

17   certification is a superior method of proceeding in this action, because it will

18   obviate the need for unduly duplicative litigation that might result in inconsistent

19   judgments about Defendants' obligations under USERRA and of the remedy that

20   should be provided under USERRA.

21

1    29.    The following additional factors set forth in Rule 23(b)(3) also

2  support certification.

3    (a) The members of the Class have a strong interest in a unitary adjudication

4       of the issues presented in this action.  Additionally, many members of the

5       Class are unlikely to have sufficient damages to justify pursuing an

6       individual action in federal court or to obtain counsel to pursue an

7       individual action, but all Class Members would benefit from a class

8       action that obtains relief for all members of the Class.

9    (b) No other litigation concerning Plaintiff's claim that UPS should have

10      paid its employees when they take short-term military leave has been

11      filed by any other members of the Class.

12   (c) This is an appropriate forum for these claims because, among other

13      reasons, jurisdiction and venue are proper, and UPS has substantial

14      operations in Spokane, and therefore a significant portion of the Class

15      works and/or resides in this District.

16   (d) There are no difficulties in managing this case as a class action.

17                        **FACTUAL ALLEGATIONS**

18  **UPS's Policy and Practice Regarding Military Leave**

19    30.    Since at least October 10, 2004, when a servicemember employee of

20  UPS has taken military leave that lasts 14 days or less ("short-term military

21

AMENDED CLASS ACTION COMPLAINT - 12

leave"), UPS has not provided paid leave or pay to the employee during such short-term military leave.  When an employee of UPS has been required to be absent from his or her employment at UPS for any one of a number of non-military reasons, including that the employee needs to address the death of a family member or is ill, however, UPS has provided paid leave or the employee's full wages and/or salary during his or her leave of absence.  And when a UPS employee has been absent from work because he or she is required to perform jury service, UPS has paid the employee the difference between his or her compensation from UPS and any stipend or compensation that employees receive for their jury duty service (i.e., differential pay).

**USERRA Required UPS to Provide the Same Rights and Benefits to Employees Who Took Short-Term Military Leave as Employees Who Took Comparable Forms of Leave, Including Paid Leave or Pay**

31.    USERRA § 4316(b)(1) provides, in relevant part. that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A) deemed to be on furlough or leave of absence while performing such service; and

(B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38 U.S.C. § 4316(b)(1).

32.    Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees who take comparable non-military leave, including paid leave and pay, USERRA § 4316(b)(1) requires the employer to provide those same "rights and benefits" to employees during their periods of military leave.  *Id.*; *see also id.* § 4303(2); 20 C.F.R. § 1002.150(a).

33.    As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA is "the duration of the leave."  20 C.F.R. § 1002.150(b).  In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered."  *Id.*

**UPS Fails to Pay Employees When They Take Short-Term Military Leave**

34.    Pursuant to UPS's policy or practice of refusing to provide paid leave to employees during periods of short-term military service, UPS failed to pay Plaintiff and the members of the Class paid leave during each period in which they took short-term military leave since October 10, 2004.

35.    Upon information and belief, throughout the relevant time period, UPS provided fully paid leave or full pay to employees while they were on leave from their employment with UPS for bereavement or illness, and it provided

1    differential pay to employees while they were on leave from their employment

2    with UPS because of jury duty.

3         36.    Jury duty, sick leave, and bereavement leave are comparable to short-

4    term military leave in terms of the duration of these forms of leave and the

5    involuntary nature of the leave.

6         37.    For employees of UPS, the duration of jury duty leave, sick leave, and

7    bereavement leave are comparable to the duration of short-term military leave.

8    Each of these types of leaves most commonly lasts several days, and usually not

9    more than a couple of weeks.

10        38.    Jury duty leave, sick leave, and bereavement leave, like short-term

11   military leave, are ordinarily involuntary.  Jury duty is required by federal, state, or

12   local law.  Bereavement leave occurs due to the death of a family member.  Sick

13   leave is triggered by a medical condition.  And short-term military leave occurs

14   due to an employee's legal obligation to perform military service in the Armed

15   Forces.

16        39.    In addition, the purpose of jury duty is the same as short-term military

17   leave: to perform service for our government and to engage in public service for

18   the benefit of our society.

19        40.    UPS's policy or practice of refusing to provide paid leave or pay to

20   employees when they take short-term military leave, while continuing to provide

21

AMENDED CLASS ACTION COMPLAINT - 15

1   paid leave or pay to employees when they take other comparable forms of non-

2   military leave, violates USERRA § 4316(b), because UPS denies its employees the

3   same non-seniority "rights and benefits" that it provides to similarly situated

4   employees who are on furlough or leave of absence. 38 U.S.C. § 4316(b).

5         41.    This policy has unlawfully denied UPS's employees the pay that they

6   should have received when they engaged in short-term military leave compared to

7   employees who received paid leave or pay when they engage in jury duty, sick

8   leave, bereavement leave, or other, comparable forms of non-military leave.

9   **Plaintiff's USERRA-Protected Military Leave**

10       42.    Since his employment at UPS began in 2007, Plaintiff regularly took

11   periods of short-term military leave every year from 2010 to 2020 that qualified as

12   service in the uniformed services under 38 U.S.C. § 4303(13).

13       43.    During the time that Plaintiff took short-term military leave, UPS did

14   not pay Plaintiff his regular wages.

15                       **COUNT I**
         **VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)**

16          **(On Behalf of the Class Against Defendants)**

17       44.    Plaintiff hereby repeats and incorporates the allegations contained in

18   the foregoing paragraphs as if fully set forth herein.

19       45.    USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is

20   absent from a position of employment by reason of service in the uniformed

21

1    services shall be (A) deemed to be on furlough or leave of absence while

2    performing such service; and (B) entitled to such other rights and benefits not

3    determined by seniority as are generally provided by the employer of the person to

4    employees having similar seniority, status, and pay who are on furlough or leave of

5    absence under a contract, agreement, policy, practice, or plan in effect at the

6    commencement of such service or established while such person performs such

7    service."

8    46.    The U.S. Department of Labor's regulations that implement and

9    interpret USERRA § 4316(b)(1) provide that "[i]f the non-seniority benefits to

10   which employees on furlough or leave of absence are entitled vary according to the

11   type of leave, the employee must be given the most favorable treatment accorded

12   to any comparable form of leave when he or she performs service in the uniformed

13   services."  20 C.F.R. § 1002.150(b).  The "duration of leave" "may be the most

14   significant factor" to determine whether two forms of leave are comparable, and

15   other relevant factors include "the purpose of the leave and the ability of the

16   employee to choose when to take the leave."  *Id.*

17   47.    As described above, UPS has maintained a policy or practice of

18   failing to pay employees their regular wages or salaries when they take short-term

19   military leave, while continuing to pay employees their wages or salaries when

20

21

1    they take other comparable forms of non-military leave such as jury duty, sick

2    leave, and bereavement leave.

3        48.    As described above, these forms of leave – jury duty, sick leave, and

4    bereavement leave – are comparable to short-term military leave in terms of the

5    duration, purpose, and/or the ability of the employee to determine whether to take

6    the leave.

7        49.    By adopting and applying a policy or practice of not providing

8    employees who take short-term military leave paid leave or pay, UPS denied

9    Plaintiff and the Class the same "rights and benefits," namely paid leave, pay,

10    wages, and/or salaries, that UPS provided to employees who take other,

11    comparable forms of non-military leave, including jury duty leave, sick leave, and

12    bereavement leave.  Thus, UPS failed to provide employees on short-term military

13    leave the most favorable treatment that UPS afforded employees on other,

14    comparable forms of non-military leave.  By doing so, UPS violated and continues

15    to violate USERRA § 4316(b)(1).

16        50.    Due to UPS's failure to comply with USERRA § 4316(b)(1), Plaintiff

17    and other members of the Class have received less paid leave, pay, and/or

18    compensation than they would have received had UPS complied with USERRA

19    and the Department of Labor's regulations.

20

21

51.     Upon information and belief, UPS's violation of USERRA § 4316(b)(1) was willful.  Accordingly, UPS should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against UPS on all claims and respectfully requests that this Court award the following relief:

A.     Declare that UPS's policy or practice by which it failed to provide employees with paid leave or pay when they took short-term military leave, while providing paid leave or pay to employees who took other, comparable forms of non-military leave, violated the rights of Plaintiff and the Class under 38 U.S.C. § 4316(b);

B.     Declare that UPS's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.     Declare that UPS must provide paid leave or pay to employees who take short-term military on the same basis as employees who take leave for jury duty, sick leave, bereavement leave, or other forms of comparable short-term, non-military leave;

D.     Require UPS to recalculate and pay the paid leave, pay, wages, and/or salary that Plaintiff and the Class are entitled to receive in accordance with the Court's declaration;

1      E.     Order UPS to pay all members of the Class liquidated damages in an

2  amount to be determined at trial pursuant to 38 U.S.C. § 4323(d)(1)(C);

3      F.     Award pre-judgment and post-judgment interest on any monetary

4  relief awarded or required by order of this Court;

5      G.     Require UPS to pay attorneys' fees, expert witness fees, litigation

6  expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of

7  reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of

8  the common benefit and/or common fund doctrine out of any money or benefit

9  recovered for the Class in this Action; and

10      H.     Grant such other and further relief as the Court deems proper, just,

11  and/or equitable.

12                        **<u>JURY TRIAL DEMAND</u>**

13     Plaintiff demands a trial by jury for all causes of action and issues for which

14  trial by jury is available.

15

16

17

18

19

20

21

Dated: August 2, 2021

Respectfully submitted,

/s/ *Michael J. Scimone*
Michael J. Scimone*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
mscimone@outtengolden.com

Thomas G. Jarrard (WSBA #39774)
LAW OFFICE OF THOMAS G.
JARRARD, PLLC
1020 N. Washington St.
Spokane, WA  99201
Telephone: (425) 239-7290
tjarrard@att.net

Matthew Z. Crotty (WSBA #39284)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
Telephone: (509) 850-7011
matt@crottyandson.com

R. Joseph Barton*
BLOCK & LEVITON LLP
1735 20th Street, NW
Washington D.C. 20009
Telephone: (202) 734-7046
Fax: (617) 507-6020
jbarton@blockesq.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Peter Romer-Friedman**
GUPTA WESSLER PLLC
1900 L Street, NW, Suite 312
Washington, DC 20036
Telephone (202) 888-1741
peter@guptawessler.com

\* admitted *pro hac vice*
\*\* *pro hac vice* application
forthcoming

*Attorneys for Plaintiff and the Proposed
Class*

1

## <u>CERTIFICATE OF SERVICE</u>

2        I certify that on August 2, 2021, I caused the foregoing Amended Class

3  Action Complaint to be electronically filed with the Clerk of the Court using the

4  CM/ECF system, which in turn automatically generated a Notice of Electronic

5  Filing (NEF) to all parties in the case who are registered users of the CM/ECF

6  system.

7

8                                          /s/ *Michael J. Scimone*
                                           Michael J. Scimone

9
                                           *Attorney for Plaintiff and the*
10                                         *Proposed Class*

11

12

13

14

15

16

17

18

19

20

21