# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BAKER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation; and UNITED PARCEL SERVICE, INC., an Ohio Corporation,<br><br>　　　　　　　Defendants. | CASE NO: 2:21-CV-0114-TOR<br><br>PARTIAL SCHEDULING ORDER |

A telephonic scheduling conference was held in the above-entitled matter on June 9, 2022. Michael J. Scimone appeared on behalf of Plaintiff. Naomi Beer and Sally W. Harmeling appeared on behalf of Defendants. The Court reviewed the Joint Status Report (ECF No. 45), heard from counsel, and is fully informed.

This matter has languished on the Court's docket since March 16, 2021. The Parties are reminded that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the

PARTIAL SCHEDULING ORDER ~ 1

just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. Rule 1.

**IT IS ORDERED:**

### 1. General Court Procedures

Pursuant to Fed. R. Civ. P. 16(b)(4), the dates set forth in this Order may be amended **only** by Order of the Court and upon a showing of good cause. Pursuant to Fed. R. Civ. P. 29, the parties may stipulate to other procedures governing or limiting discovery, except the dates set forth in this Order.

Counsel are to review and employ Local Civil Rule (LCivR) 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness To Opposing Party And Counsel).

### 2. Mediation

If parties elect to proceed to mediation, it should be completed as early as possible to avoid the unnecessary expenditure of judicial resources.

### 3. Rule 26(a)(1) Exchange

If not already accomplished, the parties shall disclose their Fed. R. Civ. P. 26(a)(1) material **by June 16, 2022.**

### 4. Motions to Amend Pleadings or Add Parties

Any motion to amend the pleadings or add parties shall be filed no later than **February 15, 2023**.

PARTIAL SCHEDULING ORDER ~ 2

**5. Class Certification**

Any motion for class certification must be filed on or before **March 17, 2023**. Defendants' opposition to class certification is due on or before **April 21, 2023**. Plaintiff's reply is due on or before **May 12, 2023**.

**6. Discovery Cutoff**

    **A. Generally**

All discovery, including depositions and perpetuation depositions, shall be completed by **a future date to be determined**. To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. The parties shall not file discovery, except those portions necessary to support motions or objections.

    **B. Depositions, Interrogatories, Requests for Production/Admission**

Unless otherwise stipulated, no more than 10 depositions up to seven hours long, may be taken by the plaintiffs, or by the defendants, or by third-party defendants. Fed. R. Civ. P. 30(a)(2)(A) and (d)(1).

Unless otherwise stipulated, any one party may serve no more than 25 written interrogatories, including discrete subparts, on any other party. Fed. R. Civ. P. 33(a)(1) and advisory committee notes (1993) explaining "discrete subparts".

Unless otherwise stipulated, any one party may serve no more than 30 requests for production, including discrete subparts, on any other party. LCivR 34(d).

Unless otherwise stipulated, any one party may serve no more than 15 requests for admission, including discrete subparts, on any other party. LCivR 36(c).

A party needing relief from these limitations should timely seek relief from the Court by motion.

### C. Protective Orders

Any stipulation or motion for a confidentiality agreement or protective order must be timely filed so as not to delay the discovery process or the Court's deadlines. If confidential records are attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

### D. Motions to Compel

To avoid wasted time and expense, parties may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Prior

to contacting chambers, counsel shall confer and determine an agreed upon hearing date and time. Motions to compel seeking sanctions shall be filed in writing.

**7. Motion Practice**

    **A. Notice of Hearing**

The parties are to comply with LCivR 7(i) when noting motions for hearing. If oral argument is sought by a party, counsel shall first confer and determine an agreeable hearing date and time, and then contact chambers to confirm the Court's availability for the agreed upon hearing date and time. All non-dispositive motion hearings shall be conducted telephonically, unless in-person argument is approved by the Court. Dispositive motion hearings in which oral argument has been requested will may be set for in-person or telephonic appearance. The use of cellular phones is permitted, but not in speaker mode and provided the caller is in an area with sufficient cellular service and minimal background noise. Landline phones may not be used in speaker mode. All phones shall be muted unless addressing the Court.

    **B. Motions to Expedite**

If there is a need to have a motion heard on an expedited basis, the party must file a Motion for Expedited Hearing and an accompanying memorandum (or declaration) establishing the need for an expedited hearing. The Motion for Expedited Hearing shall be noted for hearing, without oral argument, <u>no earlier</u>

than two (2) days after the filing of the motion. The local rules do not provide for motions (including stipulated motions) to be noted for hearing for the same day they are filed.

### C. Citing Previously-Filed Documents

All references to a previously filed document shall cite to the electronic case filing (ECF) record number and page number within that ECF record, in the following format, "ECF No. __ at __." Such documents shall not be attached as exhibits.

### D. Reliance on Deposition Testimony

When a party relies on deposition testimony to support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. *See generally* LCivR 56(c). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).

### E. Supplemental Responses or Replies

No supplemental responses or supplemental replies to any motion may be filed unless the Court grants a motion to file such documents.

### F. Motions to Reconsider

Motions to Reconsider are disfavored. Motions must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier. The motion shall be noted for expedited hearing without oral argument seven days after it is filed. No response to a motion for reconsideration need be filed unless requested by the Court. No motion for reconsideration will be granted without such a request by the Court.

### 8. Remaining Scheduling Dates

All future scheduling dates will be entered once a class is certified.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED June 9, 2022.



THOMAS O. RICE
United States District Judge

PARTIAL SCHEDULING ORDER ~ 7