1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

14

JUSTIN BAKER, on behalf of himself
and all others similarly situated,

     Plaintiff,

v.

UNITED PARCEL SERVICE, INC., a
Delaware corporation, and UNITED
PARCEL SERVICE, INC., an Ohio
corporation,

     Defendants.

CASE NO. 2:21-CV-0114-TOR

STIPULATED PROTECTIVE ORDER

15

16

17

18

19

20

21

     BEFORE THE COURT is the parties' Stipulated Motion for Protective Order.  ECF No. 50.  The motion was submitted for hearing without oral argument.  Having reviewed the file and the records therein, the Court is fully informed.  Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS**:

     1.     This Protective Order shall apply to all documents designated as Confidential

STIPULATED PROTECTIVE ORDER ~ 1

or Confidential – Attorneys' Eyes Only and produced in this action by any party or non-party, including, without limitation: all designated deposition testimony, documents and any other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure (collectively, "Discovery Material"). Documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be referred to as "Confidential Discovery Material."

2. As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a), and specifically includes electronically-stored information and other data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" by any party or non-party shall be information that implicates common law and statutory privacy and/or common law and statutory confidentiality interests such as: (a) personnel files; (b) documents containing personal identifying information of parties or non-parties (i.e., addresses, phone numbers, email addresses, social security numbers etc.); (c) other employment-related information of parties or non-parties; (d) United Parcel Service, Inc.'s ("UPS's" or "Company's") sensitive Company financial information, insurance information, or other proprietary Company information; (e) personal financial (including tax returns) and medical information of the Plaintiff and/or other current or former employees of the Company; and (f) any other material qualifying for protection under FED. R. CIV. P. 26(c). The list above is intended to provide examples but is not intended to be exhaustive. CONFIDENTIAL

information shall not be disclosed or used for any purpose except for the preparation, litigation, and trial of this case and, furthermore, is subject to disclosure only under the terms of this Protective Order.

4.    Information designated CONFIDENTIAL – ATTORNEYS' EYES ONLY by any party or non-party shall be information that may otherwise be designated CONFIDENTIAL under the terms of this Order but that in the Designating Party's good faith judgment contains (a) highly sensitive and/or proprietary business information; (b) trade secrets; (c) personal or commercial financial data; or (d) otherwise contains particularly sensitive commercial or personal information which, due to its sensitive nature, may place the Designating Party at a competitive disadvantage because the information relates to the Designating Party's pricing, financial records, sales strategies, distribution strategies, manufacturing procedures, technical knowledge, unpatented inventions, patent applications, technical development plans and notes, manufacturing secrets, secret processes, formulae, potential customers, potential distributors, or other confidential and proprietary information, as well as trade secrets relating to the Designating Party's market plans in its industry.

5.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

a.  The Court, persons employed by the Court, and stenographers transcribing

STIPULATED PROTECTIVE ORDER ~ 3

the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom ("Court Personnel");

b.  Any named party, counsel to such parties whether or not they have entered appearances in this action, in-house counsel for corporate parties, and legal, clerical, paralegal, and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

c.  Experts or consultants retained by counsel in connection with this action;

d.  Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent reasonably necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness agrees to be bound by the terms of this Protective Order, or (ii) if such witness refuses and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Protective Order, informs the witness, and the witness acknowledges that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with that deposition and may not be communicated to any other person;

e.  Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f.  Any individual identified by a party as a person with knowledge under FED. R. CIV. P. 26, including class members, but only to the extent

reasonably necessary to assist counsel in the prosecution or defense of this action, and provided that such individual agrees to be bound by the terms of this Protective Order;

g.  Any author or recipient of the document (not including a person who received the document in the course of this litigation);

h.  Mediators and Arbitrators agreed to and retained by the parties in connection with this action; and,

i.  Other persons by written agreement of the Parties.

6.  Discovery material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

a.  The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom ("Court Personnel");

b.  Counsel to any named party in this suit, in-house counsel for corporate parties, and legal, clerical, paralegal, and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

c.  Mediators and Arbitrators agreed to and retained by the parties in connection with this action; and,

d.  Experts or consultants retained by counsel in connection with this action,

STIPULATED PROTECTIVE ORDER ~ 5

provided the experts or consultants agree to be bound by the terms of this Order by signing the acknowledgement attached to this Order.

Due to the highly restrictive nature of the CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, the parties should use this designation sparingly and only in exceptional circumstances. Should there be a challenge to a CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, the Court will require the Designating Party to justify its use.

7.     Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

8.     Documents are designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page containing Confidential information.  With the exception of depositions, which are discussed below in Paragraph 10, information, documents, and/or other materials unintentionally produced without a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation or produced before the Stipulated Protective

Order is issued, may be retroactively designated in the same manner.

9.    Before any information is designated "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents, information, and/or other materials are confidential and entitled to protection pursuant to Paragraphs 3 and 4 of this Protective Order, or otherwise entitled to protection under FED. R. CIV. P. 26(c).    Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order.    Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.    In the case of deposition or other pretrial testimony, a party can designate testimony as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by a statement on the record by counsel, at the time the testimony to be protected is given. Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page

STIPULATED PROTECTIVE ORDER ~ 7

and line number the material to be classified and the classification assigned.   To be effective, such notice must be sent within thirty (30) days of the date on which the Designating Party receives a copy of the transcript.  In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

11.    Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth herein. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  A party that learns it has mistakenly designated documents as confidential must promptly notify all other parties that it is withdrawing the designation.

12.    Any Confidential or Confidential – Attorneys' Eyes Only designation is subject to challenge by any Receiving Party.  The following procedure shall apply to any such challenge.

      a.  <u>Objection to Confidentiality.</u>   Any Receiving Party may challenge a designation of confidentiality at a reasonable time after receiving such a designation. A Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly

STIPULATED PROTECTIVE ORDER ~ 8

after the original designation is disclosed, however the time since the disclosure may be considered as a factor in determining the appropriateness of the challenge.    To challenge a designation, the Receiving Party may serve upon the Designating Party a written objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents.    Confidential Discovery Material to which an objection has been made shall remain Confidential Discovery Material until designated otherwise by agreement or order of the Court (the "Disputed Information").

b. <u>Obligation to Meet and Confer.</u>  The Receiving Party and the Designating Party shall have ten business (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement.  The ten (10) day period may be extended by agreement of the parties.    If agreement is reached confirming or waiving the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

c. <u>Obligation to Apply to the Court for Relief.</u>  If the parties cannot reach agreement as to any Disputed Information, the Receiving Party shall,

within thirty (30) calendar days of the conclusion of the parties' meet-and-confer discussions, contact the Court to request that the Court determine whether the Disputed Information should be subject to the terms of this Protective Order.  The thirty (30) day period may be extended by agreement of the parties.  While the parties are conferring regarding the dispute and until the Court resolves the dispute, the Disputed Information shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order.  In any proceeding to change the designation of Confidential Discovery Material, the burden shall be upon the Designating Party to establish that good cause exists for the Disputed Information to be classified as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. If the Receiving Party fails to contact the Court within the thirty (30) day calendar time period prescribed above, the disputed information shall maintain its designation as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order.

13.    When filing any documents that contain information designated by another party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, the filing party must provide the Designating Party at least two (2) days' notice, and file the

documents under seal pursuant to page 6 of the Court's "Procedures for the Filing of Sealed and Ex Parte Documents *For Civil Cases*" (Rev. 10/2/2020). The documents will initially maintain their "sealed" status for fourteen (14) days. Within that fourteen (14) day period, the Designating Party, should it wish for the designated material to remain sealed, must file a statement explaining (1) each document or portion thereof for which sealing is sought, (2) the applicable legal standards, and (3) the reasons justifying sealing. *See* Partial Scheduling Order, ECF No. 47 at 4 ("If confidential records are attached to court filings, 'compelling reasons' must be shown to seal records attached to a dispositive motion and 'good cause' must be shown to seal records attached to a non-dispositive motion . . . ."). The filing party may file a statement in opposition to the Designating Party's statement within seven (7) days thereafter if it believes sealing is not appropriate; however, the filing party may not oppose the Designating Party's request to maintain the seal unless it has previously challenged the designation of the identified materials pursuant to Paragraph 12 of this Order. If the Designating Party fails to file a statement within fourteen (14) days of the initial filing, or if the Court finds in its discretion that the Designating Party has failed to justify sealing under applicable legal standards, the sealed filing will be rejected and an unsealed copy filed on the public docket.

14.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

15.     Pursuant to FED. R. CIV. P. 502(d) and (e), which are incorporated herein by

STIPULATED PROTECTIVE ORDER ~ 11

reference, the Court orders protection of privileged and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

    a. If, during the course of this litigation, a Producing Party determines that it has produced privileged Discovery Material, pursuant to FED. R. EVID. 502(d)-(e):

        i. The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege claimed, and the basis for the assertion of the privilege. In the event that any portion of the Discovery Material does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege.

       ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along

with any notes, abstracts or compilations of the content of the privileged Discovery Material.  To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document removed from the database.  Where privileged Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

iii.  In the event there is any disagreement regarding the appropriate designation of privileged materials by the Producing Party, either party may make a request for a determination by the court, and the Receiving Party will continue to sequester the materials until the matter is resolved. During the pendency of a dispute, the Receiving Party shall not disclose or otherwise use the designated materials, and the Producing Party must preserve the information.

b.  To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice, the Receiving Party shall sequester the documents until the claim has been resolved.  If the Receiving Party disclosed the Discovery Material subject to a claim of privilege before being notified of its inadvertent

production, it must take reasonable steps to retrieve it.

c.   The Receiving Party's return, sequestering, or destruction of privileged Discovery Material as provided for in this Protective Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege.  However, the Receiving Party is prohibited and estopped from arguing that:

   i.   The disclosure or production of the Discovery Material in this case acts as a waiver of an applicable privilege or evidentiary protection;

   ii.   The disclosure of the Discovery Material was not inadvertent;

   iii.   The Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

   iv.   The Producing Party failed to take reasonable or timely steps to rectify the error.

d.   Upon a determination by the Court that the Discovery Material is protected by the applicable privilege, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Protective Order).  The Court may also order the identification by the

Receiving Party of privileged Discovery Material by search terms or other means.

e. Nothing contained in this Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

16. The provisions of this Protective Order shall continue to be binding throughout this action, including, without limitation, any appeals. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either: (1) return the material and all copies (including summaries and excerpts) to the Producing Party or its counsel; or (2) destroy all the Confidential Discovery Material at issue and certify in writing to the Designating Parties or their counsel that the destruction has occurred. Notwithstanding this provision, counsel for the parties shall be entitled to retain proceeding papers, deposition and hearing transcripts, exhibits, attorney work product, correspondence, expert reports, expert and consultant work product, and copies stored on back-up tapes or other archival media that contain Confidential Discovery Material or references to Confidential Discovery Material, provided that counsel, and employees of counsel, shall neither disclose to any person nor use for any purpose unrelated to this action the Confidential Discovery Material, except pursuant to a court order or agreement with the Designating Party. If the counsel have

1   provided any person listed in Paragraphs 5 and 6 above (other than counsel, persons
2   employed by counsel, Court Personnel, and stenographic reporters) with any Confidential
3   Discovery Material, such counsel will take reasonable steps to ensure those individuals
4   have returned that Confidential Discovery Material to counsel within sixty (60) days after
5   the parties receive notice of the entry of an order, judgment or decree finally disposing of
6   all litigation in which Confidential Discovery Material information was disclosed.

7   17.   If a Receiving Party is served with a subpoena, demand, or any other legal
8   process seeking Confidential Discovery Material, that person shall give prompt written
9   notice, by hand or email transmission within forty-eight (48) hours of its receipt of a
10   subpoena, demand, or legal process to the Designating Party.  The Designating Party shall
11   be solely responsible for seeking any relief or protection from any subpoena demand or
12   legal process seeking Confidential Discovery Material and shall also be solely responsible
13   for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

14   18.   This stipulation shall be binding on the parties upon filing with the Court,
15   prior to its entry as a Protective Order.  Should the Court not enter this stipulation as a
16   Protective Order, it shall remain binding upon the parties until such time as the Court enters
17   a different protective order providing substantially similar protections to those contained
18   in this stipulation.  Once entered, this Protective Order shall remain in effect during this
19   Court's jurisdiction over this action, unless and until the Court enters a Protective Order to
20   the contrary.

21   19.   This Stipulated Protective Order shall not be construed as a waiver of any

right to object to the authenticity, admissibility, or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request.  This Stipulated Protective Order shall also not be deemed or construed as a waiver of the attorney/client privilege, work product doctrine, or any other privilege or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds.  Further, nothing in this Stipulated Protective Order shall be construed to limit, restrict, or otherwise affect the ability of any party to seek the production of documents, testimony, or information from any source.

This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

The District Court Executive is directed to enter this order and provide copies to the parties.

DATED July 21, 2022.



THOMAS O. RICE
United States District Judge

//

//

//

//

STIPULATED PROTECTIVE ORDER ~ 17

1    APPROVED:

| **OUTTEN & GOLDEN LLP** | **GREENBERG TRAURIG, LLP** |
|---|---|
| */s/ Michael J. Scimone*<br>Michael J. Scimone | */s/ Naomi Beer*<br>Naomi G. Beer |
| Attorney for Plaintiff | Attorney for Defendants |
| MICHAEL J. SCIMONE<br>**OUTTEN & GOLDEN LLP**<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone:  (212) 245-1000<br>E-mail: mcsimone@outtengolden.com | JAMES M. NELSON (WSBA No. 44652)<br>DOMINIC E. DRAYE (AZ Bar No. 033012)<br>*Admitted Pro Hac Vice*<br>**GREENBERG TRAURIG, LLP**<br>2375 East Camelback Road, Suite 700<br>Phoenix, Arizona  85016<br>Telephone:  (602) 445-8000<br>E-mail: nelsonj@gtlaw.com<br>E-mail: drayed@gtlaw.com |
| THOMAS G. JARRARD (WSBA #39774)<br>**LAW OFFICE OF THOMAS G. JARRARD, PLLC**<br>1020 N. Washington Street.<br>Spokane, Washington  99201<br>Telephone:  (425) 239-7290<br>E-mail:  tjarrard@att.net | NAOMI G. BEER (CO Bar No. 29144)<br>*Admitted Pro Hac Vice*<br>**GREENBERG TRAURIG, LLP**<br>1144 15th Street, Suite 3300<br>Denver, Colorado  80202<br>Telephone:  (303) 572-6500<br>Facsimile:  (303) 572-6540<br>E-mail: beern@gtlaw.com |
| MATTHEW Z. CROTTY (WSBA #39284)<br>**CROTTY & SON LAW FIRM, PLLC**<br>905 W. Riverside Ave., Suite 404<br>Spokane, Washington  99201<br>Telephone:  (509) 850-7011<br>E-mail:  matt@crottyandson.com | SALLY W. HAMELING<br>  (WSBA No. 49457)<br>JACOB M. KNUTSON<br>  (WSBA No. 54616)<br>**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**<br>2600 Chester Kimm Road |
| R. JOSEPH BARTON<br>**BLOCK & LEVITON LLP**<br>1735 20th Street, NW<br>Washington, D.C.  20009<br>Telephone:  (202) 734-7046<br>E-mail:  jbarton@blockesq.com | P.O. Box 1688<br>Wenatchee, WA  98807-1688<br>Telephone:  (509) 662-5685<br>Facsimile:  (509) 662-2452<br>E-mail:  sallyh@jdsalaw.com |
| PETER ROMER-FRIEDMAN<br>**GUPTA WESSLER PLLC**<br>1900 L Street, NW, Suite 312 | |

STIPULATED PROTECTIVE ORDER ~ 18

| | |
|---|---|
| Washington, D.C.  20036<br>Telephone:  (202) 888-1741<br>E-mail: peter@guptawessler.com | E-mail:  jacobk@jdsalaw.com |

STIPULATED PROTECTIVE ORDER ~ 19

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JUSTIN BAKER, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation, and UNITED PARCEL SERVICE, INC., an Ohio corporation,<br><br>     Defendants. | NO. 2:21-cv-00114-TOR<br><br>**STIPULATED PROTECTIVE ORDER ACKNOWLEDGEMENT** |

**STIPULATED PROTECTIVE ORDER ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated [INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Washington in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

      Name: _____

      Job Title: _____

      Employer: _____

      Business Address: _____