UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BAKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC., a Delaware corporation; and UNITED PARCEL SERVICE, INC., an Ohio Corporation,<br><br>　　　　　Defendant. | NO. 2: 21-CV-0114-TOR<br><br>ORDER GRANTING IN PART CLASS CERTIFICATION |

BEFORE THE COURT is Plaintiff's Motion for Class Certification (ECF No. 57).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Class Certification (ECF No. 57) is **GRANTED, in part**.

//

//

ORDER GRANTING IN PART CLASS CERTIFICATION ~ 1

# BACKGROUND

## A. Factual Background

This case concerns Defendants' employment policies regarding military leave and their compliance with the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The Court must accept as true the substantive allegations of the class claim. *See Blackie v. Barrack,* 524 F.2d 891, 901 n.17 (9th Cir. 1975).

Plaintiff has been employed as a full-time package driver by Defendants since approximately June 18, 2007. ECF No. 16 at 5, ¶ 8. Plaintiff also serves in the Army Reserve and has done so since 2014. *Id*. Plaintiff has routinely taken short-term leave during his employment to engage in military service as required by his obligations to the Army Reserve, although the precise dates are unclear. *Compare id. with* ¶ 42.

Since at least October 10, 2004, Defendants have not provided paid leave to employees who take military leave lasting 14 days or less ("short-term military leave"). *Id*. at 12, ¶ 30. However, Defendants provide paid leave or full wages to employees who must be absent from work for non-military reasons, including bereavement and illness. *Id*. Additionally, Defendants provide differential pay to employees who must perform jury duty. *Id*.

Plaintiff and all other small package drivers for Defendants are members of

the International Brotherhood of Teamsters, the union that represents the employees in collective bargaining with Defendants. ECF No. 57 at 8. The collective bargaining agreements ("CBA") entered between Defendants and their employees govern Defendants' leave policies. *Id*. Relevant here are the National Master United Parcel Service Agreement, which applies nationwide and includes the policies for jury duty leave and funeral leave, and the Joint Council No. 28 Rider, which applies to Defendants' Washington State employees and contains sick leave policies that are specific to Washington State. *Id*. at 8–9.

Neither of the relevant CBAs contain a leave policy that permits paid leave for short-term military leave. *Id*. at 9. However, Defendants do provide some paid military leave, including up to one year differential pay for individuals who (1) are employed by Defendants for at least six months, (2) joined the military prior to becoming employed by Defendants, and (3) are called for active duty for a period of service exceeding 30 days "because of war or national emergency." *Id*. at 11. Defendants do not provide paid leave benefits for any type of military service that is 30 days or less or for any type of military service that is not "active duty," such as mandatory Guard training and Reserve duties. *Id*.

**B.    Procedural Background**

On August 2, 2021, Plaintiff filed an Amended Complaint on behalf of himself and similarly situated individuals challenging Defendants' paid leave

1  policies and compliance with USERRA.  ECF No. 16.  The Amended Complaint

2  raises a single cause of action: violation of USERRA, 38 U.S.C. § 4316(b)(1), for

3  failure to provide paid short-term military leave while providing other forms of

4  paid short-term leave.  *Id*. at 16–19, ¶¶ 44–51.  Defendants filed a motion to

5  dismiss on August 25, 2021, which the Court denied in full on March 31, 2022.

6  ECF Nos. 26, 38.  Defendants answered the Amended Complaint on April 28,

7  2022.  ECF No. 41.

      **C.**    **Proposed Class**

      Plaintiff's Motion for Class Certification proposes the following class definition:

> All current and former employees of UPS subject to the Joint Council No. 28 Rider who worked in the State of Washington and, during their employment with UPS, took one or more short-term military leaves of 14 days or less and did not receive the regular pay that they would have earned had they continued to work their ordinary work schedules.  The class covers a time period from October 10, 2004 through the date of judgment in this action.

ECF No. 57 at 15.

## DISCUSSION

**I.**    **Class Certification Standard**

      Certification of a class action lawsuit is governed by Rule 23 of the Federal Rules of Civil Procedure.  Pursuant to Rule 23(a), the party seeking class certification must demonstrate that "(1) the class is so numerous that joinder of all

1  members is impracticable; (2) there are questions of law or fact common to the
2  class; (3) the claims or defenses of the representative parties are typical of the
3  claims or defenses of the class; and (4) the representative parties will fairly and
4  adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

5  Provided that the proposed class satisfies the above criteria, courts must
6  further determine whether certification is appropriate under Rule 23(b). Where a
7  party seeks certification of a so-called "damages class" under Rule 23(b)(3), as
8  here, he or she must demonstrate that (1) "questions of law or fact common to class
9  members predominate over any questions affecting only individual members;" and
10 (2) "a class action is superior to other available methods for fairly and efficiently
11 adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As the party moving for
12 certification, the plaintiff bears the burden of establishing that the foregoing
13 requirements have been satisfied. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d
14 581, 588 (9th Cir. 2012).

15 A court presented with a class certification motion must perform a "rigorous
16 analysis" to determine whether each of these prerequisites has been satisfied. *Gen.*
17 *Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis'
18 will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-*
19 *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco*
20 *Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing that a district

court "must" consider the merits of a plaintiff's claim to the extent that they overlap with the prerequisites for class certification under Rule 23(a)). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.

### A. Numerosity

Rule 23(a)(1) provides that a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Whether joinder would be impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require any specific minimum number of class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998). "Generally, 40 or more members will satisfy the numerosity requirement." *Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569 (E.D. Wash. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Conversely, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980).

Plaintiff has identified approximately 440 putative class members. ECF No. 57 at 16. Although Defendants assert certain employees, e.g., part-time employees

and full-time employees with schedules that differ from Plaintiff's, should be excluded from the class, Defendants do not specifically challenge numerosity, even if the class is limited. *See* ECF No. 68 at 32. Accordingly, Plaintiff has sufficiently established numerosity.

### B. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For purposes of this rule, "[c]ommonality exists where class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (internal quotation and citation omitted). At its core, the commonality requirement is designed to ensure that class-wide adjudication will "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (emphasis in original) (internal quotation and citation omitted). "This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is a single *significant* question of law or fact." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (emphasis in original) (quotation omitted). "If a common question will drive the resolution, even if there are important questions affecting only individual members, then the class is 'sufficiently cohesive to warrant adjudication by representation.'" *Jabbari*

*v. Farmer*, 965 F.3d 1001, 1005 (9th Cir. July 20, 2020) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)).

Plaintiff identifies a common question of law regarding whether paid leave is among the "rights and benefits" that must be provided equally to employees on military leave under USERRA § 4316(b) when provided for other comparable forms of leave, and a common question of fact as to whether Defendants provide other paid leave that is comparable to short-term military leave. ECF No. 57 at 18. Defendants do not specifically challenge the first question. As to the second, Defendants first argue the other types of leave offered as comparators, i.e., jury duty, sick leave, and bereavement leave, are not comparable in duration to short-term military leave. ECF No. 68 at 19–23. Defendants' specific challenges to the comparability of each leave category are more appropriately addressed on the merits of Plaintiff's claim when the evidentiary record is fully developed.

Next, Defendants argue the scheduling differences for part-time employees and certain other full-time employees are not comparable to full-time package drivers. *Id*. at 23. More specifically, full-time package drivers like Plaintiff typically work Monday through Friday schedules. *Id*. at 16. Part-time employees do not work full workdays and certain other full-time package drivers work Sunday through Thursday or Tuesday through Saturday. ECF No. 68 at 20–23. Employees who work on Saturdays or Sundays may miss more days of work for

1  military service than those who work Monday through Friday. *Id*. Collectively,

2  these differences in scheduling will require individualized "mini trials." *Id*. at 21.

3        As to part-time employees, the Court agrees they are not comparable to full-

4  time employees for the purposes of Plaintiff's claim because part-time employees

5  accrue leave benefits at different rates and are subject to different leave caps than

6  full-time employees. ECF No. 57 at 11–14. USERRA requires employers to

7  provide non-seniority rights and benefits to employees who are absent from work

8  due to military service as generally provided to employees "having similar

9  seniority, status, and pay." 38 U.S.C. § 4316(b)(1). The implementing regulations

10 further indicate the entitlement to rights and benefits is defined by those provided

11 by the employer to similarly situated employees. 20 C.F.R. § 1002.150(a). Here,

12 the relevant CBAs provide different policies for accruing certain leave benefits

13 depending on whether an employee is full- or part-time. Thus, full-time and part-

14 time employees are not similarly situated or similar in status and pay with regard to

15 Defendants' leave policies.

16       As to Defendants' assertion that full-time regular package drivers who do

17 not work Monday through Friday should also be excluded, the Court is not

18 persuaded these schedules result in materially different leave policies. Even if

19 these schedules affect the number of workday absences incurred during an

20 employee's short-term military leave, the employment policies governing the

accrual and entitlement to leave for these employees are the same as those governing full-time package drivers who work Monday through Friday.

Finally, the Court finds no merit to Defendants' contention that Plaintiff's definition of short-term military leave is unclear. The Amended Complaint clearly indicates the phrase intends 14 or less consecutive days, not the first of 14 absences. ECF No. 16 at 3, ¶ 1. There is nothing in the present motion to indicate the definition has changed.

At the class certification stage, Plaintiff has sufficiently identified common questions of law and fact as to full-time package drivers. The Court will limit the proposed class accordingly.

**C. Typicality**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement serves to ensure that "the interest of the named representative aligns with the interests of the class." *Wolin*, 617 F.3d at 1175. Factors relevant to the typicality inquiry include "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984. Stated differently, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific

facts from which it arose or the relief sought." *Id.*; *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011), *abrogated on other grounds by Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) ("The typicality requirement looks to whether the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (brackets omitted).

Plaintiff argues his claims are typical of the class because he challenges Defendants' uniform policy of denying pay for short-term military leave while simultaneously providing pay for comparable leave, and because there are no unique defenses to Plaintiff's claims. ECF No. 57 at 21. Defendants again assert Plaintiff's claims as a full-time regular package driver with a Monday through Friday schedule are not typical to part-time employees or full-time regular package drivers who do not work Monday through Friday. ECF No. 68 at 23–24. Defendants do not otherwise challenge Plaintiff's typicality. For the reasons discussed *supra*, the Court finds Plaintiff's claims are typical to the limited class consisting of full-time regular package drivers, regardless of schedule.

### D. Adequacy of Representation

The final prerequisite for class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

23(a)(4).  This requirement applies to both the named class representatives and to their counsel.  "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Ellis*, 657 F.3d at 985 (internal quotations omitted).

Plaintiff represents that he has no conflicts of interest with other class members and that he and his counsel will vigorously pursue the claims on behalf of the class.  ECF No. 57 at 22.  Plaintiff's counsel have significant experience litigating class action and USERRA cases.  *Id*. at 23.  Defendants do not challenge either of these points.  Thus, the Court finds that Plaintiff and his counsel will adequately represent the interests of the class.

### E.  Rule 23(b)(3) Requirements

#### 1.  Predominance

For purposes of Rule 23(b)(3), the relevant inquiry is whether these common questions *predominate* over individualized questions.  *See Wolin*, 617 F.3d at 1172 ("While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate.").  Although Rule 23(a)(2) and Rule 23(b)(3) both address commonality, "the 23(b)(3) test is 'far more demanding,' and asks 'whether proposed classes are sufficiently cohesive to

warrant adjudication by representation.'" *Id.* (quoting *Windsor*, 521 U.S. at 623–24).

Plaintiff asserts the liability questions and damages calculations involve common evidence and a common methodology, which predominate over any individualized inquiries. ECF No. 57 at 26. Defendants argue a laches defense in this matter requires Defendants to determine when each putative class member had notice that his or her USERRA rights were violated; thus, these individualized inquires defeat predominance. ECF No. 68 at 26.

While the consideration of affirmative defenses is relevant to the predominance analysis, the mere existence of an affirmative defense "does not compel a finding that individual issues predominate over common ones." *Williams v. Sinclair*, 529 F.2d 1383, 1388 (9th Cir. 1975). "The circumstances in which an affirmative defense defeats certification are limited to situations in which the affirmative defenses are unusually important or are coupled with other individual issues." *Huntsman v. Sw. Airlines Co.*, No. 19-CV-00083-PJH, 2021 WL 391300, at *11 (N.D. Cal. Feb. 3, 2021). Defendants do not present any argument that their laches defense is unusually important. As to the individual issues presented by the laches defense, Defendants argue there is no common evidence to determine the point at which each class member came to know his or her rights were violated. ECF No. 68 at 26–27. Plaintiff claims otherwise but does not indicate what

common evidence will aid in this determination.

At this time, the Court is unable to determine whether the individual issues raised by the laches defense predominate over the common questions of law and fact. In any event, Defendants are not prohibited from later asserting the defense to individual plaintiffs or renewing the issue on a motion to decertify the class.

Defendants also contend that calculating each class members' damages will require individual determinations, which defeats predominance. *Id*. at 27. The Ninth Circuit has held individualized damages calculations do not defeat class treatment. *Leyva v. Medline Industries Inc.*, 716 F.3d 510, 513–514 (9th Cir. 2013); *see also In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 135 (C.D. Cal. 2007) (collecting cases). Thus, Defendants' argument is without merit.

At this point, the issues common to the class predominate over any individual inquiries that may be required in this case.

### 2. Superiority

In considering whether class adjudication is superior to separate individual actions, a court must determine "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338. In making this determination, the court must consider, *inter alia*, (1) the interests of individual class members in pursuing their claims

1  separately; (2) the extent of any existing litigation concerning the same subject-
2  matter; (3) the desirability of concentrating the litigation in a particular forum; and
3  (4) the feasibility of managing the case as a class action.  Fed. R. Civ. P.
4  23(b)(3)(A)–(D).  A court's consideration of these factors must "focus on the
5  efficiency and economy elements of the class action so that cases allowed under
6  subdivision (b)(3) are those that can be adjudicated most profitably on a
7  representative basis."  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190
8  (9th Cir. 2001) (quotation and citation omitted).

9       Defendants argue class treatment is not a superior method for litigating
10 Plaintiff's claims because the proposed class creates a "fail-safe" class.  ECF No.
11 68 at 30.  The Ninth Circuit has expressed skepticism of the fail-safe class concept,
12 noting "[i]t is implicit in the definition of the class that its members are persons
13 who *claim* to have been" damaged.  *Vizcaino v. U.S. Dist. Ct. for W. Dist. of*
14 *Washington*, 173 F.3d 713, 722 (9th Cir.), *as amended* (June 10, 1999), *opinion*
15 *amended on denial of reh'g sub nom. In re Vizcaino*, 184 F.3d 1070 (9th Cir. 1999)
16 (emphasis in original).  A class definition is not circular merely because the
17 ultimate determination of success may turn on resolution of disputed legal theories
18 contained within the definition.  *Id*.; *see also Andersen v. Briad Restaurant Group,*
19 *LLC*, 333 F.R.D. 194, 205 (D. Nev. 2019) (collecting cases).  Nevertheless, the
20 Court is not persuaded the proposed class is fail-safe.  As Plaintiff indicates, even

1  if a class member does not have damages after differential pay is taken into

2  account, the class member is still bound by the judgment.  *See* ECF No. 70 at 15.

3        Finally, the Court determines class adjudication would serve the interests of

4  individual class members for whom the potential recovery may be small in

5  comparison to the costs of litigation.  Although the Court is aware of litigation

6  concerning similar claims, the parties do not identify other matters that would

7  weigh against certifying the proposed class in this matter.  This district is an

8  appropriate forum given the extent of Defendants' business in this state and the

9  number of class members who reside in this district.  Finally, this case can feasibly

10 be managed as a class action.  With certain restrictions to the scope of the class,

11 Plaintiff has satisfied the requirements for class certification.

12 **ACCORDINGLY, IT IS HEREBY ORDERED:**

13     1. Plaintiff's Motion for Class Certification (ECF No. 57) is **GRANTED**, in

14        part.

15     2. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby certifies the

16        following Class in this case:

17           All current and former full-time employees of UPS subject to the

18           Joint Council Rider No. 28 who worked in the State of Washington

19           from October 10, 2004 through the date of judgment and, during

20           their employment with UPS, took one or more short-term military

        leaves of 14 or fewer consecutive days and did not receive the regular pay that they would have earned had they continued to work their ordinary work schedules.

3. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court hereby certifies the following claims, including all damages related thereto:

        The pay differential that was not paid by UPS for the short-term military leaves of 14 or fewer consecutive days.

4. Excluded from the Class are persons who previously reached settlements with or judgments against Defendants resolving or releasing any claims arising during the Class periods under USERRA related to any of the claims in this lawsuit.

5. Also excluded from the Class are persons who are managers and full-time supervisors who received a salary when taking military leave lasting less than one week.  *See* ECF No. 57 at 11, n.9.

6. Plaintiff Justin Baker is appointed as the Class Representative for the certified Class.

7. Michael J. Scimone of Outten & Golden, LLP and R. Joseph Barton of Barton & Downes, LLP are appointed as Co-Lead Class Counsel for the Class.  Ryan Cowdin, Thomas G. Jarrard of the Law Office of Thomas G. Jarrard, PLLC, Matthew Z. Crotty of Riverside Law Group, PLLC,

Peter Romer-Friedman of Peter Romer-Friedman Law, PLLC, and Robert D. Friedman of Gupta Wessler, PLLC are appointed as additional Class Counsel for the Class.

8. Pursuant to Rule 23(c)(2)(B), within fourteen (14) days from the date of this Order, class counsel shall serve and file a proposed "Notice" to members of the certified class and suggest a method by which this should be accomplished and at whose expense. This "Notice" shall comply with the requirements of Rule 23(c)(2)(B).

9. Defendants shall have fourteen (14) days from service of the proposed "Notice" to serve and file any objections to the same.

10. Class counsel shall have seven (7) days from service of any objection to serve and file a reply to the same.

11. The Court will thereafter Order Notice to be provided and by whom.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 5, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART CLASS CERTIFICATION ~ 18