Michael J. Scimone*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Fax: (646) 509-2060
mscimone@outtengolden.com

Ryan Cowdin*
1225 New York Ave. NW
Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Fax: (202) 847-4410
rcowdin@outtengolden.com

[Additional attorneys listed on following page]
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN BAKER, on behalf of himself and all others similarly situated, | **Case No. 21-cv-00114-TOR** |
| Plaintiff, | **STIPULATION AND ORDER CONCERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| UNITED PARCEL SERVICE, INC., a Delaware Corporation, and UNITED PARCEL SERVICE, INC., an Ohio corporation, | |
| Defendants. | |

STIPULATION AND ORDER CONCERNING PRODUCTION OF
ELECTRONICALLY STORED INFORMATION - 1

1  Thomas G. Jarrard (WSBA #39774)
   **LAW OFFICE OF THOMAS G. JARRARD, PLLC**
2  1020 N. Washington St.,
   Spokane, WA 99201
3  Telephone: (425) 239-7290
   tjarrard@att.net
4
   Matthew Z. Crotty (WSBA #39284)
5  **RIVERSIDE LAW GROUP PLLC**
   905 W. Riverside Ave., Suite 404
6  Spokane, WA 99201
   Telephone: (509) 850-7011
7  mzc@riverside-law.com

8  R. Joseph Barton*
   **BARTON & DOWNES LLP**
9  1633 Connecticut Ave. NW, Suite 200
   Washington D.C. 20009
10 Telephone: (202) 734-7046
   jbarton@bartondownes.com
11
   Peter Romer-Friedman*
12 **PETER ROMER-FRIEDMAN LAW PLLC**
   1629 K Street, NW, Suite 300
13 Washington, DC 20006
   Telephone: (718) 938-6132
14 peter@guptawessler.com

15 Robert D Friedman*
   **GUPTA WESSLER PLLC**
16 2001 K Street NW, Suite 850
   Washington, DC 20006
17 Telephone: (914) 588-4713
   robert@guptawessler.com
18
   * admitted *pro hac vice*
19
   *Attorneys for Plaintiff and the Proposed Class*
20

21

WHEREAS, counsel for Plaintiff and Defendants (collectively, the "Parties," and each, a "Party") have met and conferred regarding potential discovery of electronically stored information ("ESI");

WHEREAS, the Parties have reached agreement on certain issues regarding such discovery;

WHEREAS, without waiver of any objections to any discovery that has been served or might be served in the future by any Party, the Parties now enter into this Stipulation and [Proposed] Order Concerning Production of Electronically Stored Information ("Order") reflecting their agreement;

IT IS HEREBY ORDERED that:

1. All Parties are bound by and subject to the terms of this Order.

2. <u>Definitions</u>.

    a. "Discovery Material" is defined as all products of discovery and all information derived there from, including, but not limited to documents, objects and things, deposition testimony, interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, produced by any Party in the above-captioned matter.

    b. Plaintiff and Defendants, as well as legal counsel, are referred to as the "Parties" solely for the purposes of this Protocol.

3. <u>Cooperation</u>. The Parties shall conduct discovery in a cooperative manner, including, without limitation, by reasonably drafting discovery requests

and responses in accordance with Fed R. Civ. P. 1 and 26(g)(1); and producing ESI in accordance with Fed R. Civ. P. 34; and by meeting and conferring in good faith on topics such as identification of custodians of relevant ESI, potentially relevant data sources, search methodologies, and such other issues as may arise during the course of discovery.

4.  Search Methodology. The Parties may employ one or more search methodologies, including electronic search and retrieval technologies, to identify potentially relevant ESI. The Parties will meet and confer and attempt in good faith to reach agreement regarding the method of searching and, if applicable, the words, terms, and phrases to be searched; and the custodians and non-custodial sources from whom ESI will be collected and searched.

5.  Deduplication. The Parties shall make reasonable efforts to deduplicate ESI. ESI shall be deduplicated horizontally across custodians. ESI will be considered duplicative if it has the same content including metadata. For example, duplicates would include copies of the same electronic file saved on the local hard drives and/or network shared drives of multiple custodians, even if different instances of the file reflect different dates created.

6.  Email Threading. In order to reduce the volume of entirely duplicative content within email threads, the Parties may utilize "email thread suppression." As used in this agreement, email thread suppression means reducing duplicative production of email threads by producing the most recent email

containing the thread of emails, as well as all attachments within the thread, and excluding emails constituting exact duplicates of emails within the produced string. For purposes of this paragraph, only email messages in which the parent document, senders and recipients, and all attachments are exactly the same will be considered duplicates. In the event of an email is withheld on privilege grounds, all members of the thread must be reviewed independently for privilege and logged as applicable.

7. <u>Privilege Logs And Redaction</u>. If utilizing email threading, an email thread for which a Party claims a privilege may be logged in a single entry. The Parties agree that the following documents need not be included on a privilege log:

    a. Communications between the Parties and counsel (including internal communications within a law firm or a legal department of a corporation) on and after the filing of this lawsuit and before the lawsuit in anticipation of litigation regarding the litigation or litigation strategy.

    b. Work product created by or for trial counsel in this matter after commencement of this action.

8. <u>Production Format For ESI</u>.

    a. <u>General Provisions</u>. Unless the Parties agree to a different format, documents should be produced with TIFF images and named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be

assigned a unique name matching the Bates number of the corresponding image. The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example with a placeholder. All images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI. Bates numbers and confidentiality designations should be electronically branded on each produced *.tiff image. These TIFF images should be provided in a separate folder and the number of TIFF files per folder should be limited to 1,000 files.

    b.  <u>Document Text</u>. All unredacted documents should be provided with complete document-level extracted text files. In the event a document contains text which is to be redacted, OCR text files should be provided for any un-redacted portions of the documents. Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents. The extracted full text and/or OCR text for all deliverables should be in separate document-level TXT files. These TXT files may either be provided in a separate folder or included in the same folder as their corresponding images. The number of TXT files per folder should be limited to 1,000 files.

   c. <u>Parent-Child Relationships</u>.  For email collections, if responsive, the parent-child relationships (the association between emails and attachments) should be preserved and produced as full families except when withheld on privilege grounds or when production as full families is precluded by technical or processing issues.  If any one member of a family is responsive, the entire family shall be produced.  Email attachments should be consecutively produced with the parent email record.

   d. <u>Dynamic Fields</u>.  Documents with dynamic fields for file names, dates, and times will be processed to show the field code (*e.g.*, "[FILENAME]" or "[AUTODATE]"), rather than the values for such fields existing at the time the file is processed.

   e. <u>Non-redacted Word Processing Files</u>.  All word processing files, including without limitation Microsoft Word files, that do not require redactions, will be produced as *.tiff images showing track changes and comments. Upon a showing of reasonable and particular need, a producing party shall produce a native version of requested files.

   f. <u>Non-redacted Spreadsheet Files</u>.  Spreadsheet files, including without limitation Microsoft Excel files, that do not require redactions will be produced as native files showing comments and similar data.  Additionally a Bates-stamped *.tiff placeholder matching the Bates number of the native file, must be included in the production and reflected in the image load file.

        g.    <u>Presentation Files</u>. Presentation files, including without limitation Microsoft PowerPoint files, will be produced as native files showing comments, hidden slides, speakers' notes, and similar data. A UNC file path must be included in the ESI load file. Additionally a bates-stamped *.tiff placeholder matching the bates number of the native file, must be included in the production and reflected in the image load file. The Parties will meet and confer regarding production of presentation files with alternate default settings.

        h.    <u>Collaboration Tools</u>. The Parties will meet and confer to regarding the production format of unstructured communication and collaboration tool data.

        i.    <u>Embedded Files</u>. Embedded files and internally linked files are produced as independent document records. Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

        j.    <u>Structured Data</u>. If responding to a discovery request requires production of structured data, the producing Party may comply with the discovery request by generating a report in a reasonably usable and exportable electronic format (for example, .xls or .csv format).

        k.    <u>Time Zone</u>. Unless otherwise agreed, all dynamic date and time fields, where such fields are processed to contain a value, and all metadata pertaining to dates and times will be standardized to Pacific Time. The Parties

understand and acknowledge that such standardization affects only dynamic fields and metadata values and does not affect, among other things, dates and times that are hardcoded text within a file. Dates and times that are hard-coded text within a file (for example, in an email thread, dates and times of earlier messages that were converted to body text when subsequently replied to or forwarded; and in any file type, dates and times that are typed as such by users) will be produced as part of the document text in accordance with Concordance and Summation formats, below.

      l.    <u>Bates Numbering</u>. Files will be named according to the Bates number of the corresponding *.tiff image. The Bates number will:

      i.    be consistent across the production;

      ii.    contain no special characters; and

      iii.    be numerically sequential within a given document.

Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted. In addition, wherever possible, each *.tiff image will have its assigned Bates number electronically "burned" onto the image.

      m.    <u>Load File Formats</u>. ESI will be produced in standard Concordance load file format and an image file that is in .OPT format.

n. <u>Metadata to be Produced</u>.  Metadata to be produced: The following metadata fields should be produced for each document to the extent that such information is reasonably accessible at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log.  All requests should be read to include a request for all metadata associated with all documents responsive to the request.

| FIELD NAME | DESCRIPTION | CATEGORY |
| --- | --- | --- |
| **BEGDOC** | Starting Bates | Hardcopy, edoc, email **and** attachment |
| **ENDDOC** | Ending Bates | Hardcopy, edoc, email **and** attachment |
| **CUSTODIAN** | Custodial **or** non-custodial source(s) from which the **document** was collected | Hardcopy (if coded), edoc, email **and** attachment (populated through processing) |
| **ALL CUSTODIANS** | Custodial source(s) from which document was collected but subsequently suppressed as a duplicate during processing. | Edoc, email **and** attachment (populated through processing) |
| **FAMILYIDOR ATTACHID** | Family (Range of Bates related **documents** (i.e., email & attachment) - this field will be populated for **all** records in the family), and will distinguish parent documents from attachments. | Hard copy, edoc, emails **and** attachments (populated through processing) |

STIPULATION AND ORDER CONCERNING PRODUCTION OF
ELECTRONICALLY STORED INFORMATION - 10

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **PRPERTIES OR RCRDTYPE** | Record type – examples include "email," "attachment," "edoc," or "hardcopy." | Populated through processing |
| **FROM** | Email Author | Emails (populated through processing) |
| **TO** | Recipient | Emails (populated through processing) |
| **CC** | CC field - In the event of emails | Emails (populated through processing) |
| **BCC** | Bcc field - in the event of emails | Emails (populated through processing) |
| **DOCTITLE** | **Document** Title/name/subject of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc (including email) **or** attachment (populated through processing) |
| **DOCDATE** | **Document** Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email **and** Attachments |
| **DATESENT** | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMESENT** | Time sent, format 00:00:00 AM/PM | Emails (populated through processing) |
| **DATECREATED** | Date first created, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **DATESVD** | Date last saved/modified, format MM/DD/YYYY | Edoc **or** attachment (populated through processing) |
| **TIMESVD** | Time saved, format 00:00:00 AM/PM | (populated through processing) |
| **PAGECOUNT** | **Document** page count | Edoc **or** attachment (populated through processing) |
| **APPLICAT** | Application used to open the file (Word, Powerpoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files **and/or** emails, attachments (populated through processing) |
| **FOLDERID OR ORIGFOLDERPATH OR FILEPATH** | File path/folder structure of original native file as it existed at the time of collection.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs **or** scanned **documents** (if requested) | Electronic files **and/or** emails, attachments (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **ALL FILEPATHS** | File path/folder structure of original native file as it existed at the time of collection but subsequently removed as a duplicate.<br><br>i.e. path of email in mailbox (populate for email attachments also); filepath of edocs or scanned documents (if requested) when duplicate copies were suppressed during processing. | Electronic files and/or emails, attachments (populated through processing). |
| **DOCLINK or NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files **and/or** emails, attachments (populated through processing **and only provided if receiving native files**.) |
| **FILEEXTEN** | In the event of attachments **or** emails, this will enable us to search by **document** type.  Sample contents: *PST*, *MSG*, *PDF*, *DOC*, *PPT*, *HTM*, etc. | Electronic files **and/or** emails, attachments (populated through processing) |
| **FILESIZE** | Numerical file size, in bytes, of any natively-produced documents. | Electronic files and/or edocs (populated through processing) |
| **CONFIDENTIALITY** | Confidentiality Designation | All files and documents, as applicable. |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the **document** | For Hard Copy **documents** (if coded) **or** electronic files **and/or** attachments (populated through processing) |
| **HASH** | MD5 Hash value for de-dupe | Electronic files **and/or** attachments (populated through processing) |

9.  <u>Production Format for Hard Copy Documents</u>.  Hard copy documents will be scanned and processed as *.tiff images with OCR.  To the extent this production format is not feasible or causes the producing Party undue burden, the Parties agree to meet and confer to discuss the different form of production.

10.  <u>Encryption</u>.  To maximize the security of information in transit, any media on which documents are produced may be encrypted by the producing Party.  In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media.

11.  <u>Costs</u>.  The Parties agree each Party shall bear the cost of its own production.  In the event, however, a Party requests the production of cumulative or repetitive information or information that otherwise imposes an undue burden, or is from a source that is not reasonably accessible due to undue burden or cost, the producing Party may object.  Upon objection, the Parties shall work in good faith to resolve the issue, for instance by producing samples or summaries of such

documents. In the event the Parties are unable to resolve their differences, the Parties may proceed consistent with the Federal Rules of Civil Procedure, including Rule 26(b)(2), and any applicable Local Rules.

12. <u>"Meet and Confer" Obligations; Motions to Compel and/or Motion for Protective Order</u>. If any formatting requirements or other specifications agreed to in this Protocol are later determined by the producing Party to be infeasible, unduly burdensome, or unduly costly, the Parties shall meet and confer to resolve any disagreements. Further, the Parties will not file any motion to compel compliance with, or enforcement of, this Protocol, or a motion for a protective order, until their "meet and confer" efforts have been satisfied under any applicable rules.

13. <u>No Effect on Discovery or Admissibility</u>. This Protocol does not address, limit, or determine the relevance, responsiveness, or admissibility of ESI. Nothing in this Protocol shall be construed to affect the admissibility of any document or data. All objections to the admissibility of any document or data are preserved and may be asserted at any time.

14. <u>Protective Order</u>. Nothing in this Protocol shall be deemed to limit, modify, or override any provision of a confidentiality or protective order signed by the Parties and entered by the Court in this matter. In the event of any conflict between this Protocol and an entered protective order, the provisions of the latter shall govern.

15. <u>Applicability To Previously Produced Documents</u>. This Protocol does not apply to documents either party has previously produced. For the avoidance of doubt, nothing in this Protocol requires either party to reproduce documents that the party has previously produced to comply with this Protocol.

Dated and entered this 15th day of December 2023.

BY THE COURT:

_____
HON. THOMAS O. RICE

APPROVED:

| **OUTTEN & GOLDEN LLP** | **GREENBERG TRAURIG, LLP** |
|---|---|
| */s/ Michael J. Scimone* <br> Michael J. Scimone* | */s/ Naomi Beer* <br> Naomi G. Beer |
| Attorney for Plaintiff | Attorney for Defendants |
| MICHAEL J. SCIMONE <br> **OUTTEN & GOLDEN LLP** <br> 685 Third Avenue, 25th Floor <br> New York, New York 10017 <br> Telephone: (212) 245-1000 <br> E-mail: mcsimone@outtengolden.com <br><br> Ryan Cowdin* <br> **OUTTEN & GOLDEN LLP** <br> 1225 New York Ave. NW, Suite 1200B <br> Washington, DC 20005 <br> Tel: (202) 847-4400 <br> Facsimile: (202) 847-4410 <br> Email: rcowdin@outtengolden.com | DOMINIC E. DRAYE (AZ Bar No. 033012) <br> *Admitted Pro Hac Vice* <br> **GREENBERG TRAURIG, LLP** <br> 2375 East Camelback Road, Suite 700 <br> Phoenix, Arizona 85016 <br> Telephone: (602) 445-8000 <br> E-mail: drayed@gtlaw.com <br><br> NAOMI G. BEER (CO Bar No. 29144) <br> *Admitted Pro Hac Vice* <br> **GREENBERG TRAURIG, LLP** <br> 1144 15th Street, Suite 3300 <br> Denver, Colorado 80202 <br> Telephone: (303) 572-6500 |

| | | |
|---|---|---|
| 1 | THOMAS G. JARRARD (WSBA #39774) **LAW OFFICE OF THOMAS G. JARRARD, PLLC** | Facsimile: (303) 572-6540 E-mail: beern@gtlaw.com |
| 2 | | |
| 3 | 1020 N. Washington Street. Spokane, Washington 99201 Telephone: (425) 239-7290 | SALLY W. HARMELING  (WSBA No. 49457) JACOB M. KNUTSON |
| 4 | E-mail: tjarrard@att.net |  (WSBA No. 54616) **JEFFERS, DANIELSON,** |
| 5 | MATTHEW Z. CROTTY (WSBA #39284) |  **SONN & AYLWARD, P.S.** 2600 Chester Kimm Road |
| 6 | **RIVERSIDE LAW GROUP PLLC** 905 W. Riverside Ave., Suite 404 | P.O. Box 1688 Wenatchee, WA 98807-1688 |
| 7 | Spokane, WA 99201 Telephone: (509) 850-7011 | Telephone: (509) 662-5685 Facsimile: (509) 662-2452 |
| 8 | E-mail: mzc@riverside-law.com | E-mail: sallyh@jdsalaw.com E-mail: jacobk@jdsalaw.com |
| 9 | R. JOSEPH BARTON **BARTON & DOWNES LLP** | |
| 10 | 1633 Connecticut Ave. NW, Suite 200 Washington, D.C. 20009 | |
| 11 | Telephone: (202) 734-7046 E-mail: jbarton@bartondownes.com | |
| 12 | | |
| 13 | PETER ROMER-FRIEDMAN* **PETER ROMER-FRIEDMAN LAW PLLC** | |
| 14 | 1629 K Street, NW, Suite 300, Washington, D.C. 20006 | |
| 15 | Telephone: (718) 938-6132 E-mail: peter@pfg-law.com | |
| 16 | | |
| 17 | Robert D. Friedman* **GUPTA WESSLER PLLC** | |
| 18 | 2001 K Street NW, Suite 850 Washington, DC 20006 Telephone: (914) 588-4713 | |
| 19 | robert@guptawessler.com | |
| 20 | | |
| 21 | | |

STIPULATION AND ORDER CONCERNING PRODUCTION OF
ELECTRONICALLY STORED INFORMATION - 17